**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: May 11 2015

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 14-34590 |
| | ) | |
| MATTHEW L. GILICA | ) | Chapter 7 |
| SUSAN M. GILICA | ) | |
| | ) | |
| Debtors. | ) | JUDGE JOHN P. GUSTAFSON |

### MEMORANDUM OF DECISION ON TRUSTEE'S OBJECTION
### TO DEBTORS' CLAIM OF EXEMPTION

This case comes before the court on the Chapter 7 Trustee's ("Trustee") Objection to Debtor's Claim of Exemption. [Doc. #14]. Debtor Mattew L. Gilica claimed a 1990 Ranger 17 foot boat and a "1993 Mercury Watercraft"[1] as an exempt under the "motor vehicle" exemption provided by Ohio Revised Code Section 2329.66(A)(2).

The legal issue presented here is whether or not the Ohio exemption provision for a "motor vehicle" can be used to exempt a boat with an outboard motor. At the Hearing held on the Trustee's Objection, the parties agreed that the facts in this case are not in dispute. The parties declined the opportunity to provide additional written arguments.

---

[1]/ This is actually a Mercury outboard motor, not a "watercraft".

A review of the case law does not reflect any decisions, either state or federal, that specifically address the exemption of a boat under §2329.66(A)(2) as a "motor vehicle".

## JURISDICTION

Objections to claims of exemptions are core proceedings under 28 U.S.C. §157(b)(2)(B). The Court has jurisdiction over core proceedings under 28 U.S.C. §§1334 and 157(a), and General Order 2012–7, entered April 4, 2012 by the United States District Court for the Northern District of Ohio.

## LAW AND ANALYSIS

Exemptions allow a debtor to protect property which is necessary for the survival of both the debtor and the debtor's family. *Menninger v. Schramm ( In re Schramm )*, 431 B.R. 397, 400 (6th Cir. BAP 2010); *In re Gaydos*, 441 B.R. 102, 104 (Bankr. N.D. Ohio 2010). Ohio's exemptions are to be construed liberally in favor of the debtor. *See*, *Daugherty v. Central Trust Co.*, 28 Ohio St.3d 441, 447, 504 N.E.2d 1100, 1104–05 (Ohio 1986). However, *Daugherty* also states:

> [A] liberal construction of R.C. §2329.66 does not give us license to enlarge this statute or strain its meaning. We have made it clear that " * * * [b]y 'liberal construction' is not meant that words and phrases shall be given an unnatural meaning, or that the meaning shall be * * * expanded to meet a particular state of facts.".... [W]e are not free, in interpreting this statute, simply to rewrite it on grounds we are thereby improving the law.

*Daugherty*, 28 Ohio St.3d at 447, 504 N.E.2d at 1105 (citations omitted).

"When there is no state law construing a state statute, a federal court must predict how the state's highest court would interpret the statute." *United States v. Simpson*, 520 F.3d 531, 535 (6th Cir.2008); *see also*, *Combs v. International Ins. Co.*, 354 F.3d 568, 577 (6th Cir. 2004). Relevant data include: state appellate decisions, state supreme court dicta, restatements of law, law review commentaries, and the majority rule among other states. *See*, *Garden City Osteopathic Hosp. v. HBE Corp.*, 55 F.3d 1126, 1130 (6th Cir.1995); *Baumgart v. Alam (In re Alam)*, 359 B.R. 142, 147 (6th Cir. BAP 2006).

In matters of interpretation, the Ohio Supreme Court has held that the court's primary goal must be to give effect to the intent of the legislature. *State ex rel. Stoll v. Logan Cty. Bd. of Elections*, 117 Ohio St.3d 76, 81, 881 N.E.2d 1214, 1220 (Ohio 2008)(when "construing a statute, our paramount concern is the legislative intent in enacting the statute."). To determine legislative intent, the starting

point is always the language of the statute itself. *Id.* "Words and phrases shall be read in context and construed according to the rules of grammar and common usage. Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly." O.R.C. §1.42; *Bartchy v. State Bd. of Edn.*, 120 Ohio St.3d 205, 208, 897 N.E.2d 1096, 1102 (Ohio 2008).

In this case, the statute in issue is O.R.C. Section 2329.66(A)(2), which states:

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

\* \* \* \* \* \*

(2) The person's interest, not to exceed three thousand two hundred twenty-five dollars[2], in one motor vehicle;

### 1. The Use Of The Term "Motor Vehicle" In The Exemption Statutes Of Other States.

A review of state exemption laws reflects 37 states that provide a general exemption for "motor vehicles".[3] A smaller number of states provide a broader exemption for personal property,[4] while other states use a different term for their transportation exemption.[5]

It does not appear that any state allows a general exemption in a boat, vessel or watercraft.

---

[2]/ The exemption amount is not in issue, and the appropriate current dollar figure will not be discussed in this decision.

[3]/ Alaska, Alaska Stat. §09.38.020(e); Arizona, Arizona Rev. Stat. Ann. §33-1125((8); Arkansas, Ark. Code Ann. §16-66-218(a)(2); California, Cal. Civ. Proc. Code §704.010(a); Colorado, Colo. Rev. Stat. §13-54-102(1)(j); Connecticut, Conn. Gen. Stat. §52-352b(j); Florida, Fla. Stat. Ann. §222.25(1); Georgia, Ga. Cod Ann. §44-13-100(a)(3); Hawaii, Hawaii Rev. Stat. §651-121(2); Idaho, Idaho Code §11-605(3); Illinois, 735 I.L.C.S. 5/12-1001(c); Iowa, Iowa Code Ann. §627.6(9); Kentucky, K.R.S. §427.010(1); Louisiana, La. Rev. Stat. §13:3881(A)(7) & (8); Maine, 14 Me. Rev. Stat. Ann. §4422(2); Minnesota, Minn. Stat. §550.37(12a); Missouri, Mo. Rev. Stat. §513.430.1(5); Montana, Mont. Code Ann. §25-13-609(2); Nebraska, Neb. Rev. Stat. §25-1556(4); Nevada, Nev. Rev. Stat. §21.090(1)(f); New Mexico, N.M. Stat. Ann. §42-10-1; New York, N.Y. C.P.L.R. §5205(a)(8); North Carolina, N.C. Gen. Stat. §1C-1601(a)(3); North Dakota, N.D. Cent. Code §28-22-03.1(2); Ohio, O.R.C. §2329.66(A)(2); Oklahoma, 31 Okla. St. title 31, §1(A)(13); Oregon, Or. Rev. Stat. §18.345(1)(d); Rhode Island, R.I. Gen. Laws 1956 §9-26-4(13); South Carolina, S.C. Code Ann. §15-41-30(2); Texas, Tex. Prop. Code §42.002(a)(9); Utah, Utah Code Ann. §78B-5-506(3); Vermont, 12 Vt. Stat. Ann. §2740(1); Virginia, Va. Code Ann. §34-26(8); Washington, Wash. Rev. Code Ann. §6.15.010(1)(c)(iii); West Virginia, W. Va. Code §38-10-4(b); Wisconsin, Wis. Stat. Ann. §815.18(3)(g); and Wyoming, Wyo. Stat. §1-20-106(a)(iv).

[4]/ Alabama, Delaware, Indiana, Maryland, Michigan, Mississippi, New Jersey, Pennsylvania, South Dakota, Tennessee.

[5]/ Kansas exempts "one means of conveyance regularly used for transportation of the person or for transportation of the person or for transportation to and from the person's regular place of work...." Kan. Stat. Ann. §6–2304(c) Massachusetts allows the exemption of one "automobile". Mass. Ann. Laws ch. 235, §34. New Hampshire also allows an exemption in one "automobile". N.H. Rev. Stat. Ann. §511:2(XVI).

Looking more closely at some of the state statutes, additional language suggests that "motor vehicle" does not include a boat, vessel or ship in those states. For example, Florida's motor vehicle exemption provision, Fla. Stat. Ann. §222.25(1), references the extensive definition of "motor vehicle in §320.01(1). But the statutory definition does not include a boat. *See*, Fla. Stat. Ann. §320.01(1). Utah's definition of "motor vehicle" excludes a recreational vehicle. Utah Code Ann. §78B-5-506(3)(a)(ii). Oregon uses the term "vehicle", and then gives specific examples before ending with "motor vehicle": "(d) A vehicle to the value of $3,000. As used in this paragraph 'vehicle' includes an automobile, truck, trailer, truck and trailer, or other motor vehicle." Or. Rev. Stat. §18.345(1)(d).

The Texas exemption statute clearly eliminates any argument that "motor vehicle" could include a boat[6]: "a two-wheeled, three-wheeled, or four-wheeled motor vehicle" for each family member who can use one. Tex. Prop. Code §42.002(a)(9). In Kentucky, the motor vehicle exemption specifically includes "necessary accessories, including one (1) spare tire...." Ky .Rev. Stat. §427.010(1).

In the Hawaiian motor vehicle exemption statute, the value of the motor vehicle "shall be measured by established wholesale used car[7] prices customarily found in guides used by Hawaiian motor vehicle dealers...." Hawaii Rev. Stat. §651-121(2).

At least two states make use of the term "vessel" in listing items that may be claimed as exempt if they are debtor's "tools of the trade". California makes a distinction between "one commercial motor vehicle" and a "vessel" in its exemption for personal property used in a trade, business or profession. *See*, Cal. Civ. Proc. Code. §704.060(a). Virginia's statute permits the exemption of: "(7) Tools, books, instruments, implements, equipment and machines, including motor vehicles, vessels, and aircraft, which are necessary for the use in the course of the householder's occupation or trade...". Va. Code Ann. §34-26(7). The separate listing of exemption rights in "vessels"[8] appears to be incompatible with a boat being a motor vehicle under the California and Virginia statutes.

---

[6]/ Moreover, Tex. Prop. Code §42.002(a)(4) permits exemption of: "tools, equipment, books and apparatus, including boats and motor vehicles used in a trade or profession." Clearly, boats are not "motor vehicles" under the Texas exemption statutes.

[7]/ A similar provision is found in the Louisiana motor vehicle exemption statute: "The equity value of the motor vehicle shall be based upon the NADA retail value for the particular year, make, and model." La. Rev. Stat. §13:3881(A)(8). The acronym "NADA" refers to the National Automobile Dealers Association. However, the statute just uses the acronym, and the NADA also issues guides for boat values.

[8]/ *See* the discussion of the 2005 amendment to 11 U.S.C. Section §523(a)(9), using the same terminology as the Virginia statute, *infra*.

4

There is also a limitations on at least one state's "motor vehicle" exemption, requiring that the vehicle be used to commute to work. Nebraska's motor vehicle exemption applies when the vehicle is used "to commute to and from his or her principal place of trade or business...." Neb. Rev. Stat. §25-1556(4).

While these examples of the various state exemption provisions, and the usage of the term "motor vehicle" do not determine the meaning of the Ohio statute, they at least suggest that the term "motor vehicle" does not always include a boat powered by a motor.

2. **Court Decisions Interpreting The Term "Motor Vehicle" In The Exemption Statutes Of Other States.**

The issue of whether or not a boat is a "motor vehicle" under a state exemption statute is an issue that has been litigated in several bankruptcy courts. These decisions appear to uniformly reject the Debtors' contention that a boat is a "motor vehicle" for exemption purposes.

In a 1987 decision, Iowa's "motor vehicle" exemption provision was held to not include a motorboat. *In re Webb*, 1987 WL 1416800, 1987 Bankr. LEXIS 2509 (Bankr. S.D. Iowa Sept. 28, 1987). The court stated that common usage and the sense in which the legislature used the term "motor vehicle" did not include a motorboat.

The same result was reached in a decision construing Rhode Island's motor vehicle exemption provision. *In re Barbera*, 285 B.R. 355 (Bankr. D. R.I. 2002). The *Barbera* court looked at the different statutory treatment given to motor vehicles and vessels, concluding that if the legislature had intended to include "things marine" in the exemption statute, it would have said so. *Id.*, at 357.

Construing Missouri's motor vehicle exemption statute, the bankruptcy court in *Worthington* held that while a wave runner and a boat could partially satisfy the definition of "motor vehicle", it was not a "vehicle". *In re Worthington*, 2003 WL 22947526, 2003 Bankr. LEXIS 1655 (Bankr. W.D. Mo. Dec. 11, 2003). Because a watercraft does not have wheels and is not a mechanical device designed primarily for use on the highway, it was not a "motor vehicle" under Mo. Rev. Stat. §513.430.1(5).

Finally, the same issue was litigated under Virginia's motor vehicle exemption statute, with the court reaching the same decision. The *Potter* court held that the General Assembly did not intend the term "motor vehicle" as used in the exemption statute to include a powerboat. *In re Potter*, 2009 WL 902415, 2009 Bankr. LEXIS 804 (Bankr. E.D. Va. March 24, 2009).

5

### 3. The Use Of The Term "Motor Vehicle" In The Bankruptcy Code.

While the Bankruptcy Code is federal legislation, not state law, the exemption provisions of Section 522 are widely used. The issue of whether a boat is a "motor vehicle" was extensively litigated in the context of Section 523(a)(9) of the Bankruptcy Code. The way that Congress ultimately dealt with debts arising from the operation of a vessel while intoxicated is at least worth noting.

The Bankruptcy Code uses the term "motor vehicle" in three places, in §§522(d)(2), 523(a)(9), and the 'hanging paragraph' of Section 1325(a)(*)[9].

Section 523(a)(9) was first enacted in 1984, and then was amended in 1991 to except from discharge any debt "for the death or personal injury caused by debtors operation of motor vehicle if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance;..." Courts split over whether the term "motor vehicle" included motorboats. *See*, *In re Barnick*, 353 B.R. 233 (Bankr. C.D. Ill. 2006)(discussing the history of the statute and case law decisions).

In 2005, Congress amended Section 523(a)(9) to make nondischargeable a debt "for death or personal injury cause by the debtor's operation of a motor vehicle, vessel, or aircraft" while intoxicated. While the language of this non-dischargeability provision was amended, the federal exemption provided by §522(d)(2) remained unchanged, allowing debtors to exempt only a "motor vehicle".

As the Bankruptcy Code now stands, it would be difficult to argue that the exemption for a motor vehicle under Section 522(d)(2) encompasses a boat, when Section 523(a)(9) makes a distinction between a "motor vehicle, vessel or aircraft".

Moreover, there do not appear to be any published decisions holding that the Bankruptcy Code exemption for a "motor vehicle" would allow a debtor to exempt a boat.

### 4. The Ohio Statute - The Debtor's Argue That The Court Should Apply The Definition Of "Motor Vehicle" Found In O.R.C. §4501.01 to §2329.66(A)(2).

All of the foregoing discussion regarding the exemption provisions of the Bankruptcy Code and other states, and the case law of other states interpreting the meaning of "motor vehicle", merely provides context to the examination of the Ohio exemption provision. While the term "motor vehicle" does not appear to rise to the level of a "term of art" in the exemption context, O.R.C. §1.42 directs that:

---

[9]/ In the "hanging paragraph", the term "motor vehicle" is defined by 49 U.S.C. §30102(a)(6), which states that a motor vehicle "means a vehicle driven or drawn by mechanical power and manufactured primarily for use on public streets, roads, and highways, but does not include a vehicle which operates only on a rail line." *See*, §1325(a)(*).

14-34590-jpg    Doc 36    FILED 05/11/15    ENTERED 05/11/15 15:45:35    Page 6 of 12

"Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly." But what remains most important, is what the Ohio legislature meant by "motor vehicle" when it enacted 2329.66(A)(2).[10]

Debtors argued that the court should use the definition of "motor vehicle" found in Ohio Revised Code Section 4501.01, which provides:

> (B) "Motor vehicle" means any vehicle, including mobile homes and recreational vehicles, that is propelled or drawn by power other than muscular power or power collected from overhead electric trolley wires. "Motor vehicle" does not include utility vehicles as defined in division (VV) of this section, motorized bicycles, road rollers, traction engines, power shovels, power cranes, and other equipment used in construction work and not designed for or employed in general highway transportation, well-drilling machinery, ditch-digging machinery, farm machinery, and trailers that are designed and used exclusively to transport a boat between a place of storage and a marina, or in and around a marina, when drawn or towed on a public road or highway for a distance of no more than ten miles and at a speed of twenty-five miles per hour or less.

The use of the definitions of "motor vehicle" found in Title 45 was addressed in *In re Likes*, 406 B.R. 749 (Bankr. N.D. Ohio 2009). In that decision, the court recognized that "in the absence of an express statutory directive to the contrary, statutory definitions used in one code section are not automatically applied to another code provision." *In re Likes*, at 755. The *Likes* decision specifically held that Title 45, for the regulation of vehicles, had a different purpose, and therefore were not *in pari materia*, with the Ohio exemption statute, Section 2329.66(A). *Id*.

Moreover, even if the expansive definition of Section 4501.01(B) were used, it has been held that the definition does not include a boat. *See*, *Floch v. Farmers Ins. Group of Cos.*, 97 Ohio App.3d 394, 646 N.E.2d 902 (11th Dist. 1994)("Throughout R.C. 4501.01(B), the definition of 'motor vehicle' is circumscribed to those vehicles which operate upon roads and streets with the exclusion of vehicles which are 'not designed for or employed in general highway transportation.' An analysis of the vehicles

---

[10]/ This issue does not appear to be one that can be resolved by simply looking at the "plain meaning" of the term "motor vehicle" using a dictionary. A number of bankruptcy court decisions, under Section 523(a)(9), held that a "motor vehicle" included a motor boat. *See*, *Radivoj v. Williams (In re Williams)*, 101 B.R. 356, 358 (Bankr.S.D.Fla.1989) *aff'd*, 111 B.R. 361 (S.D.Fla.1989); *Willison v. Race*, 192 B.R. 949, 952 (W.D.Mo.1995); *Morse v. Soda (In re Soda)*, 261 B.R. 342, 349 (Bankr.D.Conn.2001). And other courts have had to use context to determine whether "motor vehicle" includes a boat. See, *In re Woller*, 483 B.R. 886, 893 (Bankr. W.D. Wis. 2012)("The everyday understanding of a "vehicle" is therefore seemingly broad enough to encompass not just cars and semi-tractors, but planes, trains, and boats as well."); "A wheelbarrow, a covered wagon, a Rolls-Royce, a patient mule, a Man of War, and possibly a Pullman Car or ocean liner is a "vehicle." *U.S. v. One Ford Coach*, 307 U.S. 219, 237 (1939). And, as discussed below, at least one chapter of the Ohio Revised Code includes "vessel" in its definition of "motor vehicle". *See*, O.R.C. §5735.01(A). Thus, context and purpose become important interpretive tools.

7

excluded reveals that all are low-speed vehicles, the primary operation of which would not occur in traffic on public roadways. Thus, the trial court correctly concluded that a motorboat is not a motor vehicle for purposes of R.C. 3937.18."); *see also*, 7 Ohio Jurisprudence 3d, *Automobiles and Other Vehicles,* §3 (2015)("However, the definition of a motor vehicle does not include airplanes, including state highway patrol aircraft, trains, or motorboats.").

Important in the *Floch* decision was the definition of "vehicles", in O.R.C. §4501.01(A), which states that it includes "everything on wheels or runners". The fact that a motorboat does not operate on "wheels or runners" means that it cannot fit the definition of "motor vehicle" as set forth in §4501.01(B). *Floch v. Farmers Ins. Group of Cos.*, 97 Ohio App.3d 394, 396-397, 646 N.E.2d 902, 904 (11th Dist. 1994).

The Ohio Supreme Court has cited *Floch*, in what appears to be a somewhat fractured plurality opinion. *Muenchenbach v. Preble Cty*, 91 Ohio St.3d 141, 147, 742 N.E.2d 1128, 1133 (Ohio 2001). *Floch* was cited as one of a string of four Ohio cases. One of the four cases, *Putka v. Parma*, 90 Ohio App.3d 647, 630 N.E.2d 380 (8th Dist. 1993), was criticized. There were no comments on *Floch* in the *Muenchenbach* plurality opinion.

However, in 1999, the Ohio Supreme Court addressed a related question under the same statute, §3937.18. On a certified question from the United States District Court, the Ohio Supreme Court held, with one dissent, "that a helicopter is not a motor vehicle for purposes of Ohio's mandatory UIM [Uninsured/Underinsured Motorist] coverage under R.C. 3937.18." *Delli Bovi v. Pacific Indemn. Co.*, 85 Ohio St.3d 343, 346, 708 N.E.2d 693, 695 (Ohio 1999). The *Delli Bovi* court reasoned:

> Thus, although this definition does not specifically apply to R.C. 3937.18 and, therefore, is not controlling, it lends support to the argument that the financial responsibility laws and the UIM statute are related in purpose and that the General Assembly intended them both to apply only to policies that insure against liability arising from the ownership or operation of "vehicles" that can be used for transportation on the highway. A helicopter cannot travel "upon a highway," and we therefore hold that it is not a "motor vehicle" subject to a "motor vehicle liability policy of insurance" under R.C. 3937.18(A).

*Delli Bovi*, 85 Ohio St.3d at 345-346, 708 N.E.2d at 695.

Stepping back from the specific holding in *Floch*, there appears to have been a controversy regarding whether a "plain language" definition of a motor vehicle (based on Section 4501.01) applied to uninsured and underinsured motorist coverage under §3937.18, or whether a "use" test should be employed. *See generally*, *Drake-Lassie v. State Farm Ins. Co.*, 129 Ohio App.3d 781, 719 N.E.2d 64

8

(10th Dist. 1998). Subsequent to the March 14, 2001 decision in *Muenchenbach*, the Ohio Legislature added a definition of "motor vehicle" in §3937.18(A). That new definition makes it clear that "motor vehicle" does not include "watercraft". *See*, §3937.18(A). Nor does it include an "aircraft", such as a helicopter. *Id*.

There are also numerous instances in which "motor vehicle" is used in a string of terms which also include the words "watercraft" or "vessel". If "motor vehicle" included watercraft or vessels, those terms would not need to be separately designated.

For example, the following are a partial list of statutes using both "motor vehicle" and "watercraft":

• O.R.C. §307.45(a)(5) references "the titling of motor vehicles or watercraft pursuant to Chapter 1548 or 4505 of the Revised Code."

• O.R.C. §1506.35(B) states: "Any motor vehicle, as defined in section 4501.01 of the Revised Code, watercraft, as defined in section 1547.01 of the Revised Code...."

• O.R.C. §§2131.12 and .13 deal with joint ownership with right of survivorship of "motor vehicles, watercraft or outboard motor".

• O.R.C. §2901.12(B) describes where crimes may be tried when the offense was committed "in an aircraft, motor vehicle, train, watercraft, or other vehicle". *See also*, O.R.C. §§2903.06(A); 2903.08(A); 2917.11(C).

• "Title 45 is labeled 'Motor Vehicles—Aeronautics—Watercraft.'" *State Auto Ins. Co. v. Pasquale*, 113 Ohio St.3d 11, 14, 862 N.E.2d 483, 486 (Ohio 2007).

• O,R.C. §4505.102 deals with pawnbrokers who make loans "secured by a motor vehicle, watercraft, or outboard motor".

• O.R.C. §4727.08(E) lists "a pledged motor vehicle, watercraft, or outboard motor".

• O.R.C. §5322.03(A)(2) provides for notice to all persons "holding liens on any motor vehicle or watercraft".

• O.R.C. §5739.01 *et seq*. deals with sales taxes. §5739.021(I) references "the titling of motor vehicles or watercraft". *See also*, §§5739.033(C); 5739.101(B)(2); 5739.13(A); 5739.17(D).

• O.R.C. §5741.02(A)(2) states: "As used in this division, 'motor vehicle' has the same meaning as in section 4501.01 of the Revised Code, and 'watercraft' includes an outdrive unit attached to

9

the watercraft." *See also*, §§5741.021(A)(1); 5741.022(A)(1); 5741.023(A)(1); 5741.05(A).

Similarly, the following statutes use both "motor vehicle" and "vessel":

• O.R.C. §1547.69(E)(1) deals with affirmative defenses to fire restrictions which are not available unless the actor: "did not transport or possess the firearm in the vessel or in a motor vehicle in a manner prohibited by this section or division (B) or (C) of section 2923.16 of the Revised Code while the vessel was being operated on a waterway that was not on the actor's own property or while the motor vehicle was being operated on a street, highway, or other public or private property used by the public for vehicular traffic."

• O.R.C. §3746.01(P)(2) deals with definitions for clean up of contaminated property. The definition of "release" excludes emissions from: "the engine exhaust of a motor vehicle, rolling stock, aircraft, vessel, or pipeline pumping station engine;...."

• O.R.C. §3937.42(A) deals with insurance companies releasing information on investigations of "a claim involving motor vehicle insurance or vessel insurance".

• O.R.C. §5733.056 defines "Transportation property" as including "aircraft, trains, water vessels, and motor vehicles".

On the other side of the ledger, O.R.C. §5735.01 states that "As used in this chapter: (A) 'Motor vehicles' includes all vehicles, vessels, watercraft, engines, machines, or mechanical contrivances which are powered by internal combustion engines or motors."

### 5. Predicting What The Ohio Supreme Court Would Find Dispositive On This Issue.

Sixth Circuit case law emphasizes the importance of intermediate court decisions in determining how a state's highest court would rule:

> [W]e are mindful that an intermediate appellate court's judgment that announces a rule of law is "a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise."

*FL Aerospace v. Aetna Casualty and Sur. Co.*, 897 F.2d 214, 218–19 (6th Cir. 1990) (*quoting West v. American Tel. & Tel. Co.*, 311 U.S. 223, 237, 61 S.Ct. 179, 183, 85 L.Ed. 139 (1940)), *cert. denied*, 498 U.S. 911, 111 S.Ct. 284, 112 L.Ed.2d 238 (1990).

Thus, the decision in *Floch v. Farmers Ins. Group of Cos.*, 97 Ohio App.3d 394, 646 N.E.2d 902 (11th Dist. 1994), holding that even under the expansive definitional language of Section 4501.01, a boat is not a "motor vehicle", is an important factor in determining that the Ohio Supreme Court would

not allow the exemption of a motorboat as a "motor vehicle".

Also supporting denial of the exemption is the fact that, after the *Floch* decision, the Ohio Legislature added a separate definition for "motor vehicle" to O.R.C. Section 3937.18(A), which now states: "'Motor vehicle' does not include a . . . watercraft...."

At least as important is the structurally separate treatment of "motor vehicles" under O.R.C. Section 4501.01 et seq., and "watercraft" under O.R.C. 1547.01, as well as the other Ohio Revised Code sections, listed above, that make a distinction between a "motor vehicle" and a "watercraft" or "vessel". The decision of Judge Votolato, based upon Rhode Island law, found the separate treatment of motor vehicles, versus boats and vessels, to be key to holding that a boat could not be claimed as exempt under the "motor vehicle" exemption. *See*, *In re Barbera*, 285 B.R. 355, 356-357 (Bankr. D. R.I. 2002).

There are also many Ohio court decisions on motor vehicles that emphasize characteristics such as use on the "highway" or "public highways"[11] and using "wheels or runners"[12]. Both of these characteristics are incompatible with boats being "motor vehicles".

While the Bankruptcy Code's "motor vehicle" litigation saga would probably not be granted much weight, the fact that no other state has included boats as part of their "motor vehicle" exemptions is a "majority rule" that would probably serve to reinforce the view that boats are not exempt "motor vehicles". "The majority rule among other states" is one of the factors that should be used to determine how the state's highest court would interpret a statute. *Garden City Osteopathic Hosp. v. HBE Corp.*, 55 F.3d 1126, 1130 (6th Cir.1995)

Finally, the Ohio Supreme Court has stated that the context of a phrase and the purpose of the legislation is important. *See*, *State v. Heins*, 72 Ohio St.3d 504, 508, 651 N.E.2d 933, 936 (Ohio 1995)("we find that the context in which the phrase ['motor vehicle'] appears in R.C. 4549.13 indicates that the statute is meant to apply to land-operated vehicles."); *Delli Bovi v. Pacific Indemn. Co.*, 85 Ohio St.3d 343, 344, 708 N.E.2d 693, 694 (Ohio 1999)("the court first looks to the language in the statute *and*

---

[11]/ *See e.g.*, Ohio Constitution Art. XII, §5a ("motor vehicle accidents on the public highways"); §4501.01(X) ("Operator" defined as "any person who drives or operates a motor vehicle upon the public highway"); §4921.01(F) ("Motor vehicle" means any vehicle . . . used upon the highways"); §5728.01(B) ("Commercial car" means "any motor vehicle used for transporting persons or property . . . on a public highway"); *Delli Bovi v. Pacific Indemn. Co.*, 85 Ohio St.3d 343, 345, 708 N.E.2d 693, 695 (Ohio 1999)("'vehicles' that can be used for transportation on the highway."); *Zuments v. Baltimore & Ohio RR. Co.*, 27 Ohio St.2d 71, 72, 271 N.E.2d 813, 814 (1971)("The driver of a motor vehicle about to pass over a railroad grade crossing on a public highway is required both to look and to listen for approaching trains").

[12]/ §4501.01(A) (''Vehicles' means everything on wheels or runners"); *Floch v. Farmers Ins. Group of Cos.*, 97 Ohio App.3d 394, 646 N.E.2d 902 (11th Dist. 1994).

14-34590-jpg    Doc 36    FILED 05/11/15    ENTERED 05/11/15 15:45:35    Page 11 of 12

*the purpose to be accomplished*")(emphasis added).

Thus, it appears that Ohio's highest court would examine its own statements regarding the purposes of Ohio's exemptions:

> We realize that the longstanding purpose of Ohio's exemption statute is to protect from creditors' legal process those debtors with minimal assets " * * * for the benefit of the children as well as for the parents, in order that the children * * * may be protected against the dangers to which they would be exposed without those household facilities which make the family relation possible * * *." *Dennis v. Smith, supra*, 125 Ohio St. at 125, 180 N.E. 638. *Accord Dean v. McMullen* (1924), 109 Ohio St. 309, 313-314, 142 N.E. 683; *Williams v. Donough* (1902), 65 Ohio St. 499, 63 N.E. 84.

*Daugherty v. Central Trust Co. of Northeastern Ohio, N.A.*, 28 Ohio St.3d 441, 447, 504 N.E.2d 1100, 1104-1105 (1986).

The principal purpose of a motor vehicle exemption is to protect the debtor's means of transportation to meet ordinary daily needs. It is difficult to see how an additional separate exemption[13] for a boat as a "motor vehicle" serves that purpose in a targeted way.

**THEREFORE**, based on all of the foregoing reasons and authorities, good cause appearing,

**IT IS ORDERED** that the Trustee's Objection to the Debtor's claim of exemption [Doc. #14] will be **Sustained**. A separate Order sustaining the Trustee's Objection will be entered.

###

---

[13]/ . An exemption can be claimed in a boat under the "wild card" exemption of §2329.66(A)(18), and - if applicable - the "tool of the person's profession" exemption under §2329.66(A)(5).